# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FHMS, INC., SUN & LAKE PHARMACY SERVICE, INC., MISH, INC., HENRIETTA F. COLE & DAVID L. COLE, MORTON-WUEBBELS PHARMACY, INC., BTT ENTERPRISES, INC., and MADABHUSHI PHARMACY SERVICES, INC., | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:12CV0086 HEA |
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Medicine Shoppe International's ("MSI") Motion to Dismiss the Claims of MISH, INC. ("Mish") [ECF No. 15]. Plaintiff Mish filed an opposition to MSI's motion [ECF No. 27], to which MSI replied [ECF No. 29]. For the reasons set forth below, Defendant MSI's motion is granted.

Defendant MSI alleges that the Court does not have subject matter jurisdiction over the claims asserted by Mish because both Mish and MSI are citizens of Ohio. Unlike state courts, federal courts are courts of limited, not

general, jurisdiction. *See, e.g., Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). In federal court, diversity jurisdiction is one of the bases for subject matter jurisdiction. Diversity jurisdiction "requires complete diversity among the parties." *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 725 (8th Cir. 2001). That is, "diversity jurisdiction does not apply to cases in which there are citizens from the same state on opposing sides of the litigation." 13E Fed. Prac. & Proc. Juris. § 3605 (3d ed.).

Plaintiff Mish is an Ohio corporation, with its principal place of business in Ohio. This is not disputed. Defendant MSI is a Delaware corporation; however, Defendant MSI contends that its principal place of business is in Ohio, and Plaintiff Mish contends MSI's principal place of business is in Missouri. While the Court acknowledges that MSI previously designated St. Louis, Missouri as its principal place of business, the record clearly reflects that on or about July 1, 2009, MSI relocated its principal place of business to Ohio. This is evidenced by MSI's previous filings with this Court, the multiple Declarations submitted by MSI's Vice President, John Fiacco, and the MSI Franchise Disclosure Documents, . *See* ECF No. 29, Exh. 1-7. Based on these filings, it is clear to the Court that MSI's current principal place of business is Dublin, Ohio. As such, the Court does not have subject matter jurisdiction over the claims asserted by Mish due to the

lack of diversity between Mish and MSI.[1] As such, Defendant MSI's Motion to Dismiss the Claims of Mish is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medicine Shoppe International, Inc.'s Motion to Dismiss the Claims of MISH, INC. Pursuant to Fed. R. Civ. P. 12(b)(1) and 21 [ECF No. 15] is **GRANTED.**

Dated this 22nd day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Because Plaintiff Mish agrees with Defendant MSI that Mish is not a dispensable party pursuant to Fed. R. Civ. P. 19 (*See* ECF No. 27, pg. 1), the Court need not address the dispensable party analysis.